Sullivan v Northwell Health, Inc. (2022 NY Slip Op 04525)

Sullivan v Northwell Health, Inc.

2022 NY Slip Op 04525

Decided on July 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 12, 2022

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 

Index No. 656121/18 Appeal No. 13224 Case No. 2019-05582 

[*1]James D. Sullivan, M.D., et al., Plaintiffs-Appellants,
v
Northwell Health, Inc., Defendant-Respondent, Medical Liability Mutual Insurance Company, Defendant.

Cohen & Gresser, LLP, New York (Elizabeth F. Bernhardt of counsel), for appellants.
Foley & Lardner LLP, New York (Barry G. Felder of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Barry R. Ostrager, J.), entered December 3, 2019, which, inter alia, granted the motion of defendant Northwell Health, Inc. (Northwell) for summary judgment on its second counterclaim for a declaratory judgment of unjust enrichment, denied plaintiffs' cross motion for summary judgment, and declared that plaintiffs would be unjustly enriched if they were to receive the subject demutualization proceeds, declared that Northwell and not plaintiffs was entitled thereto, and directed distribution thereof to Northwell, unanimously reversed, on the law, without costs, Northwell's motion for summary judgment denied, plaintiffs' cross motion for summary judgment granted as to its third cause of action for a declaratory judgment, and it is declared that plaintiffs and not Northwell are entitled to the demutualization proceeds and distribution thereof to plaintiffs is directed.
The Court of Appeals has recently held that "when an employer pays premiums to a mutual insurance company to obtain a policy for its employee, and the insurance company demutualizes," "the employee, who is the policyholder, is entitled to the proceeds," "absent contrary terms in the contract of employment, insurance policy, or separate agreement" (Columbia Mem. Hosp. v Hinds, __NY3d__, 2022 NY Slip Op 03306, *2 [2022]). As there is no evidence of contrary terms in a contract of employment, insurance policy or separate agreement, plaintiff policyholders are entitled to the demutualization proceeds. It is irrelevant that Northwell paid the policy premiums during the relevant period and that Northwell may have performed the function of policy administrator (see id. at *3-4; Insurance Law § 7307 [e][3]). To the extent Matter of Schaffer, Schonholz & Drossman, LLP v Title (171 AD3d 465 [1st Dept 2019]) held otherwise, it has been overruled by the Court of Appeals' decision in Columbia Mem. Hosp. Moreover, the parties in Schaffer did not raise, and so this Court did not consider, Insurance Law § 7307 (e)(3), which is dispositive on this issue, or the interpretation of this provision adopted by the New York State Department of Financial Services, which is entitled to deference (see Columbia Mem. Hosp., __NY3d__, 2022 NY Slip Op 03306).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 12, 2022